**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

---

|  |  |  |
|---|---|---|
| DAVID C. BRADEEN,<br>and SUSAN A. BRADEEN, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No.<br>18-cv-11753 |
| v. | ) ) | |
| THE BANK OF NEW YORK MELLON<br>TRUST COMPANY, NATIONAL<br>ASSOCIATION, as successor to<br>Deutsche Bank Trust Company<br>Americas f/k/a Bankers Trust<br>Corporation, as trustee for<br>Residential Asset Securities<br>Corporation, Home Equity<br>Mortgage Asset-Backed<br>Pass-Through Certificates,<br>Series 2002-KS1; BANK OF NEW YORK<br>MELLON CORPORATION; DEUTSCHE<br>BANK TRUST COMPANY AMERICAS,<br>f/k/a BANKERS TRUST CORPORATION,<br>as Trustee for Residential Asset<br>Securities Corporation, Home<br>Equity Mortgage Asset-Backed<br>Pass-Through Certificates,<br>Series 2002-KS1; DEUTSCHE BANK,<br>A.G.; ALLY FINANCIAL, INC.; GMAC<br>MORTGAGE GROUP, LLC;<br>RESIDENTIAL CAPITAL, LLC;<br>GMAC-RFC HOLDING COMPANY, LLC;<br>RESIDENTIAL ASSET SECURITIES<br>CORPORATION; and MORTGAGE<br>ELECTRONIC REGISTRATION<br>SYSTEMS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

---

## MEMORANDUM AND ORDER ON MOTION TO DISMISS

**SAYLOR, J.**

This is a dispute concerning a home mortgage foreclosure.  In November 2001, plaintiffs

David and Susan Bradeen obtained a loan secured by a mortgage on their residence at 91 Higgins

Road, Framingham, Massachusetts.  At some point, the Bradeens fell behind on their mortgage

payments.  Defendant The Bank of New York Mellon Trust Company, National Association, as

successor to Deutsche Bank Trust Company Americas f/k/a Bankers Trust Corporation, as

Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed

Pass-Through Certificates, Series 2002-KS1 ("BNY Mellon Trustee") foreclosed on the property

on May 19, 2015, and purchased the property as the highest bidder.

On January 19, 2016, BNY Mellon Trustee filed a summary-process eviction action

against the Bradeens in Framingham District Court, seeking possession of the property.  The

Bradeens answered the complaint and filed counterclaims on February 1, 2016.  The case

proceeded to a bench trial on July 24, 2018.  The judge found the 2015 foreclosure void, and

entered judgment for possession in favor of the Bradeens on August 8, 2018.  BNY Mellon

Trustee has appealed that judgment.

The present action arises from a complaint the Bradeens filed against defendants in

Middlesex Superior Court on May 29, 2018.[1]  The complaint alleges 17 violations of

Massachusetts state law, primarily consumer-protection, foreclosure, and contract claims, as well

as two federal claims:  one under the Servicemembers Civil Relief Act and one under the

Electronic Signatures in Global and National Commerce Act.  On August 17, 2018, defendants

---

[1] The moving defendants are BNY Mellon Trustee, Bank of New York Mellon Corporation ("BNY Mellon"), Deutsche Bank Trust Company Americas f/k/a Bankers Trust Corporation, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2002-KS1 ("Deutsche Bank Trustee"), and Mortgage Electronic Registration Systems, Inc. ("MERS").  The complaint names additional defendants, but the Court will assume for purposes of this motion that these additional defendants are, in fact, "all purported predecessors-in-interest to BNY Mellon Trustee or purported related companies," as defendants contend.  (Docket No. 7 at 9 n.6).

removed the action to federal court.

Defendants have moved to dismiss the complaint, contending that this Court should

abstain from exercising jurisdiction under the prior-pending-action doctrine or the *Colorado*

*River* abstention doctrine.

For the following reasons, the motion to dismiss will be granted.

## I.  Analysis

Defendants contend that this action should be dismissed on two grounds:  the prior-

pending-action doctrine and the *Colorado River* abstention doctrine.

### A.  Prior-Pending-Action Doctrine

Under the prior-pending-action doctrine, "the pendency of a prior action, in a court of

competent jurisdiction, between the same parties, predicated upon the same cause of action and

growing out of the same transaction, and in which identical relief is sought, constitutes good

ground for abatement of the later suit."  *O'Reilly v. Curtis Pub. Co.*, 31 F. Supp. 364, 364-65 (D.

Mass. 1940).  As a general rule, the suit filed first should have priority "absent the showing of

balance of convenience in favor of the second action."  *Adam v. Jacobs*, 950 F.2d 89, 93-94 (2d

Cir. 1991) (internal quotation marks and citation omitted).  The doctrine arises out of concerns

about judicial efficiency and avoiding inconsistent judgments.  *Curcio v. Hartford Fin. Servs.*

*Grp.*, 472 F. Supp. 2d 239, 243 (D. Conn. 2007).

Generally, a court may stay or dismiss a later-filed action under the doctrine if two

conditions are met:  (1) there exists an identity of issues between the two actions and (2) the

controlling issues in the later-filed action will be determined in the earlier-filed action.  5C

CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1360, at 89

(3d ed. 2004).  The parties in the two suits need not be identical; they need only share sufficient

congruence of interests.  *See Whitten Ranch, Inc. v. Premier Alfalfa, Inc.*, 2009 WL 1844482, at

*2 (D. Neb. June 18, 2009) (finding "congruent, if not identical" interests of individual and

company owned by him satisfied doctrinal requirement); *Andy Stroud, Inc. v. Brown*, 2009 WL

539863, at *10 (S.D.N.Y. Mar. 4, 2009) (finding sufficient commonality between individual and

two companies wholly owned by him); *see also Samuels Grp., Inc. v. Hatch Grading &*

*Contracting, Inc.*, 697 F. Supp. 2d 1042, 1049 (N.D. Iowa 2010*)* (collecting cases).  Moreover,

"[w]hen it is possible that, through amendment, each action may contain all of the issues and

parties presently contained in either action, the continuation of the first action to be filed is

favored."  *Holliday v. City of Newington*, 2004 WL 717160, at *1 (D. Conn. Mar. 19, 2004)

(citing *Hammett v. Warner Bros. Pictures*, 176 F.2d 145, 150 (2d Cir. 1949)).

Here, the federal and state actions are sufficiently similar for purposes of the doctrine.

The parties are not all literally identical, because only plaintiffs and BNY Mellon Trustee are

parties to both actions.  Nonetheless, the additional defendants in this action are "all purported

predecessors-in-interest to BNY Mellon Trustee or purported related companies."  (Docket No. 7

at 9 n.6).  Their interests therefore are entirely congruent.  That fact is further evidenced by their

sharing of the same counsel.  *See Samuels Grp.*, 697 F. Supp. 2d at 1051 (finding relatedness of

interests "highlighted by the fact that they are represented in the State Proceedings by the same

counsel" as in the federal proceedings); *Whitten Ranch*, 2009 WL 1844482, at *2 (same).

Furthermore, both actions raise the issues of the validity of the 2015 foreclosure under

Massachusetts consumer-protection law, rightful possession of the property at 91 Higgins Road,

and plaintiffs' claims under the SCRA.  The state and federal complaints arise out of the same

transactions, the parties seek essentially the same relief in each suit, and resolution of the two

cases will involve the same evidence.

Plaintiffs contend that their state counterclaims were filed by checking off *pro forma* responses on a court-provided form that included only a limited list of possible claims. They further contend that the parties agreed to limit their arguments at the state hearing and trial to only those issues concerning the eviction itself and the underlying foreclosure. But if they had additional claims to make, those claims should have been raised in the state court by amendment, not by filing a duplicative federal complaint that attempts to split their claims against defendants. Any causes of action in the federal complaint that are not directly related to the foreclosure and eviction nonetheless clearly arise out of the validity of the underlying foreclosure. In short, plaintiffs are not entitled to split their claims between state and federal court, and the prior-pending-action doctrine applies to this duplicative, later-filed proceeding.

Even though the doctrine therefore applies, it is not mandatory that this Court defer to the state-court action. The prior-pending-action doctrine derives from a court's inherent power to control its docket. *Ellison Framing, Inc. v. Zurich Am. Ins. Co.*, 805 F. Supp. 2d 1006, 1012 (E.D. Cal. 2011) ("The court's authority to hear 'motions to stay and motions to dismiss because another action is pending' lies in the 'inherent power of a court to regulate actions pending before it.'" (quoting CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1360 (3d ed. & Supp. 2010))); *Universal Gypsum of Georgia, Inc. v. American Cyanamid Co.*, 390 F. Supp. 824, 825 (S.D.N.Y. 1975); *cf. Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."). Thus, whether to apply the doctrine in a particular instance is a matter for the court's discretion. *See*

*Highway Ins. Underwriters v. Nichols*, 85 F. Supp. 527, 529-30 (E.D. Okl. 1949).  Courts in this

district have applied the doctrine on multiple occasions to stay or dismiss a case in the interests

of judicial efficiency and avoiding inconsistent judgments.  *See Qutab v. Kyani, Inc.*, 2018 WL

3849873, at \*2-4 (D. Mass. Aug. 13, 2018); *Bourne v. Gardner*, 270 F. Supp. 3d 385, 388-89 (D.

Mass. 2017); *Kersey v. Prudential Ins. Agency, LLC*, 2017 WL 5162006, at \*7-9 (D. Mass. Feb.

3, 2017); *Jones v. Revenue Assistance Program*, 2016 WL 3919843, at \*3 (D. Mass. July 14,

2016), *appeal dismissed* (Nov. 16, 2016); *Quality One Wireless, LLC v. Goldie Grp., LLC*, 37 F.

Supp. 3d 536, 540-43 (D. Mass. 2014).[2]

To determine whether dismissal in favor of a prior pending action is appropriate, courts

have considered a variety of factors.  Many courts have looked to *Universal Gypsum of Georgia,*

*Inc. v. American Cyanamid Co.*, which listed the following as criteria:

> (1) considerations of comity; (2) promotion of judicial efficiency; (3) adequacy and
> extent of relief available in the alternative forum; (4) identity of parties and issues in both
> actions; (5) likelihood of prompt disposition in the alternative forum; (6) convenience of
> parties, counsel and witnesses; and (7) possibility of prejudice to a party as a result of the
> stay [or dismissal].

390 F. Supp. at 827.  *See, e.g., CBS, Inc. v. Tee Vee Records, Inc.*, 96 F.R.D. 163, 165 (S.D.N.Y.

1982) (citing *Universal Gypsum*); *Modern Gas Sales v. Potlatch Corp.*, 1985 WL 17373, at \*1

(M.D. Pa. Nov. 1, 1985) (same).  Other courts have applied the factors set forth in *Colorado*

*River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).  *See, e.g., Samuels Grp.*,

697 F. Supp. 2d at 1047; *Bezerra v. County. of Nassau*, 846 F. Supp. 214, 220-21 (E.D.N.Y.

1994); *Whitten Ranch*, 2009 WL 1844482, at \*10.  As discussed below, and to the extent that

---

[2] The doctrine has also been widely used in other districts.  *See, e.g., Samuels Grp., Inc. v. Hatch Grading & Contracting, Inc.*, 697 F. Supp. 2d 1042, 1057 (N.D. Iowa 2010*); Curcio v. Hartford Fin. Servs. Grp.*, 472 F. Supp. 2d 239, 243-44 (D. Conn. 2007); *Colortyme Fin. Servs., Inc. v. Kivalina Corp.*, 940 F. Supp. 269, 272 (D. Haw. 1996); *CBS, Inc. v. Tee Vee Records, Inc.*, 96 F.R.D. 163, 164 (S.D.N.Y. 1982); *Frigorifico Caparra, Inc. v. J. Fleishman & Co., Inc.*, 58 F.R.D. 199 (D.P.R. 1972).

they are appropriately considered here, those factors, which largely mirror the *Universal Gypsum* criteria, counsel in favor of stay or dismissal.

The pending state-court action renders adjudication of this action a "truly duplicative proceeding." *Complaint of Bankers Trust Co. v. Chatterjee*, 636 F.2d 37, 40 (3d Cir. 1980). The Court will therefore apply the prior-pending-action doctrine, and permit the issue to be resolved in the state court that first obtained jurisdiction over the dispute.

The question then is whether the case should be stayed or dismissed. Generally, "a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 n.2 (1995). *See Samuels Grp.*, 697 F. Supp. 2d at 1057 ("A stay is preferred to dismissal in cases where there is a possibility that the parties will return to federal court.") (internal quotation marks and citation omitted); *Whitten Ranch, Inc.*, 2009 WL 1844482, at *4. On the other hand, the appropriate course of action is within the sound discretion of the court, and many courts have decided to dismiss actions without prejudice. *See, e.g., Lexico Enterprises, Inc. v. Cumberland Farms, Inc.*, 686 F. Supp. 2d 221, 222 (E.D.N.Y. 2010); *Andy Stroud*, 2009 WL 539863, at *12.

Under present circumstances, where the complaints present nearly identical facts and issues and the state court's decision, now on appeal, will likely will determine all (or nearly all) of the issues presented here, a dismissal without prejudice appears the most prudent course of action. Plaintiffs ask the Court to stay the matter until the pending state-court appeal has been decided, but it is unclear what that would achieve. Regardless of whether the state-court appeal is resolved in plaintiffs' favor, this matter is still duplicative, and therefore should be dismissed without prejudice.

7

**B.     *Colorado River* Abstention Doctrine**

Although the prior-pending-action doctrine supports a dismissal in this case, and the

Court therefore need not consider whether the *Colorado River* doctrine is applicable, analysis

under that framework is instructive.  As noted, several courts have applied the factors set forth in

*Colorado River* to the inquiry under the prior-pending-action doctrine.  *See, e.g.*, *Samuels Grp.*,

697 F. Supp. 2d at 1047.

As a general matter, federal courts have an "unflagging obligation" to exercise their

jurisdiction.  *Colorado River Water Conservation Dist.*, 424 U.S. at 817.  "Abstention from the

exercise of federal jurisdiction is the narrow exception, not the rule."  *Id.* at 813.  However, in

limited circumstances and as a matter of discretion, a court may dismiss, stay, or transfer an

action over which it has jurisdiction.

Under the *Colorado River* abstention doctrine, a district court may dismiss a case in

which federal and state court proceedings overlap and "wise judicial administration" counsels for

abstention.  424 U.S. at 818.  "[T]he presence of parallel litigation in state court will not in and

of itself merit abstention in federal court."  *Jimenez v. Rodriguez-Pagan*, 597 F.3d 18, 27 (1st

Cir. 2010) (citing *McClellan v. Carland*, 217 U.S. 268, 282 (1910)).  Instead, exceptional

circumstances must exist.  *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 16

(1983).  A non-exhaustive list of factors for courts to consider includes

> (1) whether either court has assumed jurisdiction over a *res*; (2) the [geographical]
> inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation;
> (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law
> controls; (6) the adequacy of the state forum to protect the parties' interests; (7) the
> vexatious or contrived nature of the federal claim; and (8) respect for the principles
> underlying removal jurisdiction.

*Rio Grande Cmty. Health Ctr. v. Rullan*, 397 F.3d 56, 71-72 (1st Cir. 2005).  Ultimately, "the

decision whether to dismiss [or stay] a federal action because of parallel state-court litigation

does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16.

As a threshold matter, the federal and state actions here are parallel in form and substance. The Bradeens and BNY Mellon Trustee are parties to both actions. Both actions raise the issues of the validity of the 2015 foreclosure under Massachusetts law, rightful possession of the property at 91 Higgins Road, and plaintiffs' claims under the SCRA. There is therefore a "substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir. 2004) (internal quotation marks and citation omitted).

As for the factors identified in *Rio Grande*, three are clearly neutral: (2) the geographical inconvenience of the federal forum; (6) the adequacy of the state forum to protect the parties' interests; and (8) respect for the principles underlying removal jurisdiction. Factor five also appears to be neutral. *See Villa Marina Yacht Sales, Inc. v. Hatteras Yachts*, 915 F.2d 7, 15 (1st Cir. 1990) (finding presence of state-law issues "weighs in favor of surrender only in 'rare circumstances' . . . when a case presents complex questions of state law that would best be resolved by a state court"). The bulk of the claims in this action are based on Massachusetts law concerning foreclosure, consumer protection, and contract. In both their state court counterclaims and in their claims in this action, plaintiffs assert numerous claims under Massachusetts consumer-protection law. Although plaintiffs have alleged one claim under the Servicemembers Civil Relief Act and one claim under the Electronic Signatures in Global and National Commerce Act, the other 17 counts arise under Massachusetts state law, and there is no reason to think the state court is not equipped to address the two federal-law issues.

The majority of the remaining factors weigh in favor of abstention. There is a single *res* at issue: plaintiffs' property at 91 Higgins Road. As to the third factor, the avoidance of piecemeal litigation must implicate more than "just the repetitive adjudication that takes place in all cases implicating [the] *Colorado River* doctrine." *Jimenez*, 597 F.3d at 29. "Rather, concerns about piecemeal litigation should focus on the implications and practical effects of litigating suits deriving from the same transaction in two separate fora, and weigh in favor of dismissal only if there is some exceptional basis for dismissing one action in favor of the other." *KPS & Assocs., Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 10-11 (1st Cir. 2003) (internal quotation marks and citations omitted). Here, there is no federal policy that favors unified proceedings, as in *Colorado River*. But this Court and the state court have been asked to decide essentially the same issues, including unresolved issues of state law; the state court has jurisdiction over plaintiffs' counterclaims; the state court's judgment is already on appeal; and there is a clear risk of inconsistent dispositions. Put simply, plaintiffs here contend that the foreclosure was improper, and they are entitled to possession of the property. That is exactly what the state trial court decided, and which the state appellate court is being called to review.

The fourth factor, the order in which the courts obtained jurisdiction, weighs heavily in favor of abstention. In addition to the order of filing, the relative advancement of the cases matters. *Gonzalez v. Cruz*, 926 F.2d 1, 4 (1st Cir. 1991). The prior state action was filed by BNY Mellon Trustee in January 2016, a bench trial was held in July 2018, judgment for the Bradeens was entered in August 2018, and BNY Mellon Trustee's appeal is pending. In contrast, the Court has not even held a scheduling conference in this case, which was filed after the state action had been pending for more than two years and a mere two months before the bench trial.

Although abstention under the *Colorado River* doctrine should be used only in extraordinary cases, this is such a case. The principles of "wise judicial administration" described in *Colorado River*, as applicable to this matter, are consistent with the Court's determination that this matter should be dismissed.

## II.        Conclusion

For the foregoing reasons, the motion to dismiss is GRANTED, and the case is DISMISSED without prejudice.

**So Ordered.**

/s/  F. Dennis Saylor
F. Dennis Saylor, IV
United States District Judge

Dated:  November 2, 2018